UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAHER WAAD, MARKS ONE
CAR RENTAL, and MARKS ONE
COLLISION,

    Plaintiffs,

v.    Case No. 17-13034

FARMERS INSURANCE EXCHANGE,    HON. AVERN COHN
ALLEN KELLER, and TOM BERRY,

    Defendants.

_____/

## MEMORANDUM AND ORDER
## GRANTING DEFENDANT'S MOTION TO DISMISS (Doc. 6)
## AND
## DENYING AT MOOT PLAINTIFFS' MOTION TO CONSOLIDATE (Doc. 14)

I. Introduction

This is the third case filed by Maher Waad (Waad) and his companies Marks One Car Rental and Marks One Collision seeking damages for alleged mistreatment. In each of the three cases, plaintiffs have sued Farmers Insurance Exchange (Farmers). The allegations against Farmers in each case are generally that Farmers and its agents have had a vendetta against Waad and his companies which started in 2013 when Farmers investigated a claim of insurance fraud regarding plaintiffs ("the 2013 Farmers investigation"). According to plaintiffs, the 2013 Farmers investigation and other events led to a 2014 raid on Waad's businesses which resulted in criminal charges against him that were later dismissed.

The current case is names Farmers and two of its employees, Allen Keller

(Keller) and Tom Berry (Berry) as defendants; it asserts the following claims, phrased by plaintiffs as follows:

>Count I -Federal Claim Violation of the Fourth and
>Fourteenth Amendment -False Arrest, False Imprisonment and Unreasonable Search and Seizure
>
>Count II - Federal Claim Violation of the Fourth and Fourteenth Amendments Malicious Prosecution
>
>Count III - State Claim
>Mcl 600.2907 - Malicious Prosecution as to All Defendants
>
>Count IV- State Claim
>Civil Conspiracy  as to All Defendants
>
>Count V - State Claim
>Statutory Conversion as to All Defendants
>
>Count VI - State Claim
>Common Law Conversion as to All Defendants

Before the Court is defendants' motion to dismiss essentially on the grounds that this case is an improper attempt to get another bite at the apple. (Doc. 6). For the reasons that follow, the motion is GRANTED.

Also before the Court is plaintiffs' motion to consolidate this case with one of the prior cases. (Doc. 14). Given the dismissal of this case, this motion is MOOT.

## II.  Background

At some point in 2013, Farmers investigated Waad and his companies for possible insurance fraud and concluded that fraud had occurred. Farmers apparently sent a copy of its investigation report to Macomb County law enforcement in 2014 at their request. Subsequently law enforcement raided plaintiffs' businesses and arrested Waad. Waad was initially bound over for trial after a several day preliminary hearing.

2

The charges were later dropped following appeals.

The lawsuits began in 2013 when plaintiffs sued Farmers and several other insurance companies, raising claims under state and federal law which boiled down to the allegation that defendants were not fairly treating Waad and his businesses in part because defendants suggested to plaintiffs' customers that plaintiffs engaged in fraud. Waad, et al v. Farmers, et al, 13-14610 (the 2013 Case). Notably, among its affirmative defenses and as a counterclaim, Farmers asserted truth as a defense to the defamation and interference claims and specifically referenced and incorporated the 2013 Farmers investigation. See Doc. 238 in the 2013 Case. As noted above, during the pendency of the 2013 Case, Waad and his businesses were raided and Waad was charged criminally.

Following stipulations and motion practice, only Farmers remained as a defendant with claims of defamation and tortious interference asserted against it. The Court, in March of 2018, granted Farmers' motion for summary judgment and dismissed the case. See Doc. 285 (Memorandum and Order) and 286 (Judgment) in the 2013 Case.

Meanwhile, in 2016, while the 2013 Case was pending and after Waad's criminal case was dismissed, Waad and his companies sued Farmers and Keller along with a Warren police officer, Macomb County deputy sheriffs, a Macomb County prosecutor, and Macomb County, claiming that the defendants violated Waad's civil rights stemming from the raid. Waad v. Farmers, et al, case no. 16-13362 (the 2016 Case).[1] The

---

[1] The 2016 Case was reassigned the undersigned as a companion to the 2013 Case. See Doc. 6 in case no. 16-13362.

complaint asserted twelve (12) counts under state and federal law against all of the defendants. The Court declined to exercise jurisdiction over the state law claims (malicious prosecution, false arrest, false imprisonment, assault and battery, abuse of process, concert of action, civil conspiracy, statutory conversion, and common law conversion) and dismissed them without prejudice. See Doc. 27 in the 2016 Case. Thereafter, because the remaining federal claims required state action and because the Court concluded that the complaint failed to plead a plausible claim that Farmers or Keller were state actors, it dismissed Farmers and Keller from the case. See Doc. 33 in the 2016 Case.[2] Currently, the remaining defendants in the 2016 Case, with the exception of the Warren police officer, have filed dispositive motions which are set for hearing.

In 2017, while the 2013 Case and 2016 Case were pending, Waad and his companies filed this case against State Farm and Keller as well as Berry (the 2017 Case).[3] As noted above, plaintiffs have asserted state and federal claims–the same state and federal claims asserted against Farmers and Keller in the 2016 Case.

Significantly, plaintiffs' claims against Farmers and its employees in the 2013 Case, the 2016 Case, and the 2017 Case are based upon the same allegations: (1) Farmers conducted an investigation in 2013 into Waad and Marks One Collision; (2) the investigation allegedly was motivated by ill-will and improper motives on Farmers'

---

[2]The dismissal of Farmers and Keller mooted their motion to disqualify plaintiffs' attorney Steven Haney. Haney once worked for Farmers as an outside counsel and, significantly, investigated Waad for possible insurance fraud.

[3]The 2017 Case was reassigned to the undersigned as a companion to the 2013 Case. See Doc. 8 in case no. 17-13034.

behalf, and (3) the investigation was improperly conducted, flawed and inaccurate. As such, the 2017 Case amounts to an improper attempt to re-insert claims that were, or could have been asserted against Farmers and its employees in the two prior cases.

### III. Motion to Dismiss

#### A. Legal Standards

A Fed. R. Civ. P. 12(b)(6) motion tests the sufficiency of a plaintiff's pleading. Courts evaluate Rule 12(b)(6) motions by construing the complaint in the light most favorable to the plaintiff, accepting all factual allegations as true, drawing all reasonable inferences in favor of the plaintiff, and ultimately determining whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 470. A claim is facially plausible where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 566 U.S. 662, 678 (2009). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." Twombly, 550 U.S. at 555. A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id.

"In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), th[e] Court may only consider 'the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice.'" Murray v. Geithner, 624 F. Supp. 2d 667, 671 (E.D. Mich. 2009) (citing 2 James Wm. Moore et al., Moore's Federal Practice 12.342 (3d ed. 2000)); see also

5

Weiner v. Klais & Co., 108 F.3d 86, 89 (6th Cir. 1997) (holding that a document incorporated by reference in a complaint can be introduced by a defendant if it is not attached by plaintiff).

Courts permit defenses based on "preclusion" issues to be raised and determined by a motion under Fed. R. Civ. Pro. 12(b)(6) where the grounds appear on the face of the complaint or consist of matters subject to judicial notice. Moore's Federal Practice, §131.50(2) at 131-170.

B. Discussion

1. Claim-Splitting

a.

Defendants first contend that the 2017 Case must be dismissed as improper claim-splitting. The rule against claim-splitting requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit." Katz v. Gerardi, 655 F.3d 1212 (10th Cir. 2011). There is a strong policy against "claim-splitting." See Ellis v. Gallatin Steel Co., 390 F.3d 461, 479 (6th Cir. 2004) ("[A] plaintiff must join all claims arising from the same set of facts in a single proceeding and cannot split them across multiple fora." (citing Restatement of Judgments (Second) § 24 (1982)). The prohibition against claim-splitting rests both on the discretion of courts to control their docket as well as on principles of res judicata. Sanders Confectionary v. Heller, 973 F.2d 474 (6th Cir. 1992). In these regards, as a matter of efficiency and fairness, court should not allow parties to gain procedural advantages by splitting causes of action. "It is well-settled that a plaintiff may not use the tactic of filing substantially identical complaints to expand the procedural rights he would have otherwise enjoyed." Hartsel

6

Springs Ranch v. Bluegreen, 296 F.3d 982, 990 (10th Cir. 2002).

b.

Here, there is a common set of facts involved in all three cases–the 2013 Farmers investigation. The substance of the 2013 Farmers investigation was the basis for plaintiffs claims for defamation and interference against Farmers in the 2013 Case. The conclusion of the investigation -- that plaintiffs engaged in insurance fraud as to Farmers and its customers -- is the subject matter of Farmers counterclaim in the 2013 Case and Farmers' affirmative defense of "truth" as to Plaintiffs claims of defamation and interference. The conclusion of the 2013 Farmers investigation, which plaintiffs allege is "false," is likewise the predicate for plaintiffs' claims of malicious prosecution and other claims in both the 2016 Case and the 2017 Case.

It is fair to say that plaintiffs have been engaging in claim-splitting since 2016. First, plaintiffs chose to file the 2016 Case as a new case, instead of seeking leave to file the 2016 Case as a supplemental pleading in the 2013 Case. Plaintiffs also filed the 2016 Case with Steven Haney as counsel. As Farmers' points out, plaintiffs likely filed the 2016 Case to avoid the formal disqualification of Haney as their counsel in that case due to his conflict of interest with Farmers which was the subject of motion practice in the 2013 Case and the 2016 Case. See n. 1, supra and Doc. 10 in the 2016 Case.

Second, after the Court dismissed Farmers and Keller from the 2016 Case, plaintiffs could have moved for reconsideration or to amend their complaint to include the allegations of "state action" now contained in the 2017 Case. However, as Farmers notes, if plaintiffs had done so, such an amendment would again subject Haney to disqualification.

Overall, the 2017 Case is an improper attempt at claim-splitting.

## 2. Duplicative Filings

Other principles also underlie the judicial policy prohibiting parties from claim-splitting. See Curtis v. Citibank, 226 F.3d 133, 138 (2d. Cir, 2002) ("The rule against duplicative litigation is distinct from but related to the doctrine of claim preclusion or res judicata.").

Farmers contends that putting the 2013 Case aside, comparing the 2016 Case with the 2017 Case, dismissal is required based on the prohibition against duplicative litigation. The Court agrees.

Farmers cites Fabics v. City of New Brunswick, 629 F. App'x 196, 199 (3d Cir. 2015) in support. In Fabics, plaintiffs filed an initial complaint against several defendants. Plaintiffs then moved to amend the complaint but failed to follow the local rule for doing so by attaching a copy of the amended complaint. The district court denied the motion to amend without prejudice and told the plaintiffs they could refile the motion if they properly followed the rules. Plaintiffs in instead filed a new action with a complaint that was nearly identical to the amended complaint they previously sought to file in the original action. Defendants moved to dismiss the new complaint because it was duplicative of the initial complaint. The district court granted the motion and dismissed the second case with prejudice. On appeal, the Third Circuit affirmed the decision of the court to dismiss with prejudice, holding that "the court must insure that the plaintiff does not use the incorrect procedure of filing duplicative complaints for the purpose of circumventing the rules pertaining to the amendment of complaints, Fed. R. Civ. P. 15." Id. (quoting Walton v. Eaton Corp., 563 F.2d 66, 71 (3d Cir. 1977)). The

8

Third Circuit specifically decided that the plaintiffs were attempting to circumvent Fed. R. Civ. Pro. 15, because instead of filing a proper motion to amend, the plaintiffs filed a new case. Id. at 198.  For this reason, the court held:

> Thus, to the extent that any of the new parties or new claims mentioned in this complaint properly could be brought in one complaint under the Federal Rules of Civil Procedure, Plaintiffs had the opportunity to propose such changes through a motion to amend the complaint in the [initial] action. We thus hold that the District Court did not abuse its discretion by dismissing the complaint here with prejudice.

Id. at 199.

Here, plaintiffs have engaged in similar conduct as in Fabics.  The Court dismissed Farmers and Keller in the 2016 Case for failure to allege state action.  Instead of seeking reconsideration or moving for leave to amend to cure the defects, plaintiffs waited over a year and then filed the 2017 Case.  Not only to do the claims in the 2017 Case mirror those in the 2016 Case, they also reflect the claims against Farmers in the 2013 Case.  Arguably, plaintiffs could have, and should have, asserted all of their claims (state and federal), against all defendants (corporate, individual and municipal) in the 2013 Case.  Instead, they chose a piecemeal approach.

All told, plaintiffs have filed three separate lawsuits to secure damages from Farmers and its employees which began with the 2013 Farmers investigation and subsequent 2014 raid.  In each case, they have put forth similar but not identical theories of wrongdoing against Farmers:

- In the 2013 Case, plaintiffs alleged that Berry caused damages to their business by "tipping" Channel 4 about an upcoming police raid based on the 2013 Farmers investigation.

9

• In the 2016 Case, plaintiffs then alleged that Berry had no role in the 2013 Farmers investigation and 2014 raid, but that Keller and Farmers did.

• In the 2017 Case, plaintiffs again allege that Berry had a major role in fabricating the supposed vindictive 2013 Farmers investigation that resulted in the 2014 raid.

Plaintiffs also alleged in the 2013 Case that as a part of the 2013 Farmers investigation, Farmers committed torts of defamation and tortious interference. In the 2017 Case, plaintiffs allege that this same investigation was a predicate for torts of malicious prosecution and related claims. Even though plaintiffs could not have brought a malicious prosecution claim until Waad's criminal case was resolved, the claim was still premised on the same 2013 Farmers investigation. Once Waad's criminal case was dismissed in 2015, plaintiffs should have moved to supplement their pleadings in the 2013 Case to add their malicious prosecution and related claims. Instead, plaintiffs, filed a new matter: the 2016 Case.

As noted above, Farmers and Keller were dismissed from the 2016 Case in February of 2017 due to plaintiffs' failure to plead a claim against them. At that point, plaintiffs had two options: (1) move to supplement the 2013 Case to add the additional causes of action arising from the 2013 Farmers investigation that had ripened as a result of the dismissal of Waad's criminal charges; or (2) move to amend the 2016 Case to correct the deficiencies identified by the Court as to state action in order to add Farmers and Keller back into the case. Plaintiffs did neither. Instead, plaintiffs allowed 8 months of discovery to take place in the 2016 Case without the involvement of Farmers. Plaintiffs also allowed an additional 8 months of discovery and the filing of a

10

motion for summary judgment to occur in the 2013 Case without making any effort there to supplement and assert claims of malicious prosecution. Then, six days after Farmers filed a motion for summary judgment in the 2013 Case, plaintiffs filed the 2017 Case.

This is precisely this type of chamaeleon litigation tactics that the prohibition on claim-splitting was designed to preclude. The 2017 Case must be dismissed as claim-splitting, duplicative, and otherwise not procedurally proper.

### C. Plaintiffs' Arguments

Plaintiffs' assert on the first page of their response that "the instant matter does not arise out of a 2013 investigation by Farmers." (Doc. 10, p. 1; see also p. 10 ("[t]he facts of the instant case have no relationship to the facts of the 2013 Case[.]")). This statement strains credulity. Indeed, at other portions in plaintiffs' response, they concede that the malicious prosecution claims at issue here arise from Farmers' alleged actions in conducting that same 2013 investigation. (Doc. 10, pp 2-3.)
In the complaint, plaintiffs allege in paragraphs 17 and 18 that this same 2013 investigation was conducted in conjunction with the police, was improper, and that this forms the basis of a malicious prosecution claim. (Doc. 1, Compl. ¶¶ 17-18.)

Plaintiffs also acknowledge that "[t]he rule against claimsplitting requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit." (Doc. 10, Response p. 8.). As explained in detail above, both the 2013 Case and the 2017 Case pertain, at least in part, on the same event - the 2013 Farmers investigation. There can be no defamation or tortious interference claims in the 2013 Case without the 2013 Farmers investigation, and there can be no claims for malicious prosecution in the 2016 and 2017 Cases without the 2013 Farmers investigation. When

a plaintiff files two cases based on the same set of facts, the duplicative case must be dismissed. Katz v. Gerardi, 655 F.3d 1212, 1218-19 (10th Cir. 2011). That Plaintiffs have added additional parties to the 2017 Case is irrelevant, as plaintiffs cannot litigate the same factual issues twice. Parklane Hosiery Co. v. Shore, 439 U.S. 322, 329-30 (1979).

Plaintiffs also contend that res judicata or collateral estoppel can only apply if a "judgment on the merits has occurred." This argument misses the point. Dismissal based on claim-splitting does not require a final judgment, but instead only a determination that the resolution of the first litigation would necessarily have a preclusive effect on the second. See Katz, 655 F.3d at 1218. Moreover, although the 2013 Case has now been reduced to judgment and defendants at the hearing argued for application of res judicata, the Court finds it dismissal based on claim splitting and the rule against duplicative filings more appropriate.

Finally, plaintiffs cite Rawe v. Liberty Fire Insurance Co. 462 F.3d, 521, 525, 529 (6th Cir. 2006) for the proposition that they can bring multiple lawsuits concerning the same alleged conduct. Their reliance on Rawe is misplaced. In Rawe, the plaintiff sued the defendant insurer for the payment of benefits under a policy of insurance, and after that litigation was resolved, the plaintiff sued the defendant insurer again – this time for new conduct which occurred during settlement negotiations and violated Kentucky law. The Sixth Circuit held that the plaintiff was not required to amend and supplement her complaint to add claims based on this new separate conduct. Id. at 530. Here, the 2017 Case contains allegations of wrongdoing that appear in the 2016 Case and 2013 Case; it is not new separate conduct.

IV.  Motion to Consolidate

Not surprisingly, plaintiffs have moved to consolidate the 2017 Case with the 2016 Case.  Defendants oppose the motion, essentially contending that the 2017 Case was improperly filed for reasons explained in their motion to dismiss and that consolidation is otherwise inappropriate because discovery in the 2016 Case is closed and dispositive motions are pending, making consolidation prejudicial.  Given that the Court is dismissing the 2017 Case, the motion to consolidate is MOOT.  That said, the Court is constrained to note that the filing of the motion to consolidate is a further example of the legal legerdemain plaintiffs have engaged in since the filing of the 2013 Case.

SO ORDERED.

S/Avern Cohn
 AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 4/26/2018
       Detroit, Michigan